[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15202
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 5, 2012
JOHN LEY
CLERK

D.C. Docket No. 6:11-cr-00011-BAE-GRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARQUEL MAURICE WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(April 5, 2012)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Marquel Maurice Williams appeals his 144-month sentence, imposed after he pleaded guilty to using or carrying a firearm during and in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c). Williams's sentence represented an 84-month upward variance from the guideline range. On appeal, Williams argues the district court imposed an unreasonable sentence, both procedurally and substantively. After thorough review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

In reviewing sentences for reasonableness, we typically perform two steps. Id. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). While a sentencing court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each factor, it should set forth enough to satisfy the

2

appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its legal decision-making authority. United States v. Agbai, 497 F.3d 1226, 1230 (11th Cir. 2007); United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). The court's acknowledgment that it has considered the § 3553(a) factors together with the parties' arguments is typically sufficient. Talley, 431 F.3d at 786.

The appropriateness of brevity or length of a district court's reasons for accepting or rejecting an argument depends the upon the circumstances and leaves much to the court's own professional judgment. Rita, 551 U.S. at 356. Where the district court imposes a non-guideline sentence, it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. United States v. Irey, 612 F.3d 1160, 1186-87 (11th Cir. 2010) (en banc) (quotation omitted), cert. denied, 131 S. Ct. 1813 (2011).

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Talley, 431 F.3d at 788. "[W]e will not second guess the weight (or lack thereof) that the [district court]

3

accorded to a given factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S.Ct. 2962 (2011). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Irey, 612 F.3d at 1190.

We do not consider sentences outside the guideline range to be presumptively unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir.), cert. denied, 131 S.Ct. 674 (2010). Further, we give due deference to the district court's conclusion that the § 3553(a) factors justify the extent of the variance imposed. Id. In fact, there is no limit on the evidence of a defendant's background, character, or conduct that a sentencing judge may consider in imposing a sentence. 18 U.S.C. § 3661. The length of the actual sentence imposed, as compared with the guidelines range and statutory maximum, may be considered when reviewing reasonableness. United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008). The party challenging the sentence carries the burden of establishing unreasonableness. Talley, 431 F.3d at 788.

Williams has not shown that his sentence was procedurally unreasonable. As the record shows, the district court gave specific reasons why it thought a sentence above the guideline range was warranted. After hearing arguments from both parties, it cited Williams's personal history extensively, along with the particular facts of the crime he was charged with, including the number of weapons Williams possessed and his propensity for weapons dealing. It also noted the lack of deterrence that Williams's current probationary status provided, referenced Williams's continuous pattern of violent criminal offenses, and recognized the sentence's need to protect the public and act as a deterrent. In addition, it cited to the § 3553(a) factors during sentencing. There is thus ample support in the record that the district court did not procedurally err, and gave an adequate explanation for the upward variance it imposed.

Nor has he shown that his sentence was substantively unreasonable. Indeed, the record belies Williams's contention that the district court unjustifiably relied on only one § 3553(a) factor, namely, his juvenile criminal history. Rather, the district court noted the number of weapons sold, Williams's probation at the time of the instant offense, and that a guideline sentence would not, inter alia, address the "nature and circumstances of the instant offense." The court also noted that Williams was arrested with an AK-47 rifle, a pistol, and crack cocaine only three days after he sold

two firearms to an undercover officer. The repeated references to the aggravating factors of the present offense therefore demonstrate the court did not unjustifiably rely on only one § 3553(a) factor.

Similarly, to the extent the court did rely on Williams's criminal history, it did so reasonably, and did not overemphasize his record. As the court noted, Williams's criminal conduct began at age 11, it continued undeterred by previous probationary sentences, and included numerous violent offenses. In light of the extent of Williams's criminal record, we cannot say that the district court overemphasized that factor in imposing sentence.[1]

Considering all the aggravating factors, Williams has not carried his burden to demonstrate that the district court made a clear error in judgment in imposing the sentence that it did. Accordingly, we affirm.

**AFFIRMED.**

---

[1] Moreover, Williams's reliance on the Supreme Court's decision in Roper v. Simmons, 543 U.S. 551 (2005), is misplaced. Roper simply holds the execution of juveniles violates the Eighth Amendment. Id. at 568. Roper in no way limits the extent to which prior juvenile conduct can be used as an aggravating factor in future sentencing determinations for conduct committed as an adult. So while Roper might support Williams's argument that it is not irrelevant in determining culpability whether a person is a juvenile when they commit a crime, the district court here explicitly considered the fact that Williams was a juvenile when many of his prior adjudications occurred.